UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIA LINO<br>        Plaintiff,<br><br>v.<br><br>HARTFORD LIFE and ACCIDENT<br>INSURANCE COMPANY<br>        Defendant. | 05 11650 EFH<br>U.S.D.C. Civil Action No. _____<br>Removal from Commonwealth of Mass.<br>Sup. Ct. Middlesex |

**NOTICE OF REMOVAL**

Defendant, Hartford Life and Accident Insurance Company ("Hartford"), hereby files this Notice of Removal of the above captioned action to the United States District Court for the District of Massachusetts from the Superior Court Department of the Commonwealth of Massachusetts, Middlesex County (Civ. No. 05-02393-L2) where the action is now pending as provided by 28 U.S.C. § 1446 and states:

1. Plaintiff commenced this action against Hartford in the Superior Court of the Commonwealth of Massachusetts, asserting breach of contract and treble damages pursuant to MGL c. 93A, and seeking damages in excess of $75,000.00.

2. As detailed below, this action is removable pursuant to 28 USC § 1441(b) because Hartford is not a citizen of Massachusetts, there is complete diversity and the amount in controversy exceeds $75,000.00.

3. At the time of the commencement of this action in state court, the Plaintiff was, and still is, a citizen of the Commonwealth of Massachusetts. The Defendant, Hartford, was and still is a corporation, incorporated and existing under and by virtue of the laws of the State of Connecticut.

4. This Court has diversity jurisdiction, pursuant to 28 USC § 1332, over this matter because the amount in controversy exceeds $75,000.00 exclusive of interest and costs and is between citizens of different states.

5. Copies of all process, pleadings, and orders served upon Hartford are attached hereto at Exhibit A.

6. Hartford shall provide written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

7. A copy of this notice shall be filed with the clerk of the state court as required by 28 U.S.C. § 1446(d).

WHEREFORE, Hartford requests that this action proceed in this Court as an action properly removed to it.

Respectfully Submitted,

Hartford Life and Accident Insurance Company

David B. Crevier, BBO# 557242
Katherine R. Parsons, BBO# 657280
CREVIER & RYAN, LLP
1500 Main Street, Suite 2020
Springfield, MA 01115-5727
Tel: (413) 787-2400
Fax: (413) 781-8235
Email: dcrevier@crevierandryan.com
        kparsons@crevierandryan.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on Plaintiff's counsel by first class U.S. Mail, postage prepaid this 8th day of August 2005.

MIDDLESEX, SS:

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT
SUPERIOR COURT DEPARTMENT

\#

05-2393

MARIA LINO
   PLAINTIFF

VS.

HARTFORD LIFE AND
ACCIDENT INSURANCE CO.

   DEFENDANT

COMPLAINT
AND JURY DEMAND

FILED IN THE OFFICE OF THE CLERK OF COURTS FOR THE COUNTY OF MIDDLESEX
JUL 1 1 2005
CLERK

## I. Introduction

This action is brought pursuant to MGL c. 231A for declaratory relief to obtain a ruling as to Defendant's obligation to make payments to Plaintiff under a group life insurance disability policy issued to Massachusetts employees qualified to be covered by that plan. Ms. Lino is qualified to be covered under that plan. Ms. Lino worked for the Massachusetts Department of Transitional Assistance as a case technician from 1981 until she became disabled on February 4, 2004. She was forced to stop work due to the effects of her fibromyalgia and the psychiatric symptoms resulting from her pain. This action is not preempted by federal law (ERISA) since State employees, like Ms. Lino, are exempt from that law. Moreover, she seeks damages against Hartford for its intransigence and unreasonable and unfair claims settlement practices in this case, pursuant to c. 176-D.

## II. Parties

1. Maria Lino resides in Lowell, Massachusetts. She was born on July 5, 1949.

2. The Hartford Life and Accident Insurance Company administered the plan applicable to the Commonwealth of Massachusetts Group Insurance Commission. It took over this plan

which had initially been issued by the Continental Casualty Company to provide employees a benefit in the event of their for long term disability.

3. The Hartford Life and Addicent Insurance and Accident Company is licensed to do business in Massachusetts and are subject to the jurisdiction of this Court.

4. Defendant Hartford Life and Accident Insurance Company is responsible for making decisions of eligibility under this Commonwealth of Massachusetts Group Insurance Commission plan.

III. Facts

5. In 1981, Maria Lino began working at the Massachusetts Department of Public Welfare, which later came to be called the Massachusetts Department of Transitional Assistance, as a claims technician. Her hire date was March 29, 1981. Her job included meeting with clients regarding their eligibility for benefits under entitlement programs to assist poor families, and determining their qualifications for those benefit programs.

6. She began to be progressively more unable to carry out her functions due to her fibromyalgia and related psychological symptoms.

7. On February 4, 2004, she stopped work.

8. She did so because she was unable to carry out the material and essential duties of her duties of occupation as a result of her illness.

9. On February 4, 2004, Maria Lino was a covered employee entitled to receive benefits under the long term disability policy issued to the Commonwealth of Massachusetts Group Insurance Commission in the event of her "disability".

10. A "Disability" in her long term disability plan is defined, during the elimination period and the first 24 months thereafter, as physical and mental impairment to such a degree of severity that one is continuously unable to carry out the material and essential duties of her

regular occupation, and is not gainfully employed.

11. There is a 90 day period prior to becoming eligible to receive payment under the policies, during which time one must be totally disabled. This period is called the "elimination period".

12. One cannot be eligible for payment under the policies unless they are under professional care of a physician.

13. Maria Lino, either directly or by counsel, has submitted support for her disability claim from treating physicians- including Dr. Thomas Cody, M.D., a physical medicine and rehabilitation specialist, psychologist Pamela Devaney, Psy. D., Joel Epstein, M.D., a rheumatologist and Joseph Downey, D.C., a chiropractor.

14. Ms. Lino also submitted the opinion of James Parker, a vocational expert, who wrote a report on January 31, 2005.

15. Mr. Parker's opinion was that the accommodations called for in the medical and psychological treaters' reports to Hartford were so extensive that Ms. Lino was unable to perform her job at the Department of Transitional Assistance.

16. Defendant Hartford has denied Plaintiff's claim, claiming that she did not meet the definition of disability during the elimination period.

17. Defendant misconstrued the reports of Plaintiff's treating sources, in particular those from Dr. Cody and Devaney, in denying her claim.

18. Defendant Hartford Insurance Company denied Plaintiff Lino's application without having her medical records evaluated by a vocational expert.

19. Defendant claimed the Plaintiff performed in her customary work with a sedentary level of exertion that allowed her to change positions periodically, and determined that she was able to perform that work given her medical limitations.

20. Plaintiff has exhausted the appeals procedure under the long term disability plan.

21. Plaintiff sent a 30 day c. 93A/176D letter to Defendant Hartford Insurance Company, on May 2, 2005.

22. That letter made a demand that the Plaintiff be found eligible under the terms of the policy, indicated that the eligibility was being denied despite Plaintiff being clearly eligible for benefits, gave Defendant thirty days to reply, and warned of multiple damages for which Defendant may be liable under c. 176D and c. 93A.

23. Hartford Insurance Company replied to that May 2 letter on May 16, 2005, continuing to deny the claim.

## IV. CLAIMS

### First claim: CONTRACT

24. Allegations 1-23 are incorporated as if they were fully set forth here.

25. Plaintiff was disabled under the provisions of the insurance policy set forth above, continuously from February 4, 2004.

26. Plaintiff was under the professional care of a physician as required under the policy.

27. Plaintiff was eligible for payments under the aforementioned insurance policies.

28. Plaintiff's denial for benefits was wrongful and in violation of the agreement.

### Second claim: violation c. 176D and 93A against Defendant Hartford

29. Allegations 1-28 are incorporated as if they were fully set forth here.

30. Defendant Hartford's position in denying Plaintiff benefits - by misconstruing the medical evidence and without the benefit of any vocational evidence- is entirely unreasonable and inconsistent with their the terms of the policy and reasonable settlement practices.

31. The denial of Plaintiff's claim is not one which would have issued from any reasonable insurer.

32. Plaintiff sent Defendant Hartford a letter of demand under c. 176D and 93A, denoted as such in those letters, on May 2, 2005.

33. Defendant Hartford has refused to alter its position following the receipt of the demand letter.

34. Defendant Hartford is rendered additionally liable, pursuant to c. 176D and c. 93A, to Plaintiff as a result of its unfair settlement practices,.

WHEREFORE, Plaintiff prays:

A) That the court declare that the Defendants are liable to Plaintiff under the policy at issue, pursuant to the provisions of the policies; and

B) Enjoin Defendants to pay Plaintiff disability benefits under the aforementioned policies, since her total disability exceeded 90 days and she otherwise qualified for payment; and

B) Find that Defendant Hartford Life and Accident Insurance Company acted in violation of c. 176D and is liable for damages thereunder in addition to costs and reasonable attorneys fees as provided therein; and

C) Order further damages within the discretion of the court; and

D) Order any other relief as is equitable just and proper.

A JURY IS DEMANDED BY THE PLAINTIFF

Respectfully submitted,
MARIA LINO, Plaintiff
By her attorney

June 3rd, 2005

Ronald B. Eskin
B.B.O. #: 549290
LAW OFFICE OF RONALD B. ESKIN
228 Central St
Lowell MA 01852
Telephone: (978) 937-1600

Commonwealth of Massachusetts
County of Middlesex
The Superior Court

CIVIL DOCKET# MICV2005-02393-L2

RE: Lino v Hartford Life And Accident Insurance Company

TO: Ronald B Eskin, Esquire
228 Central Street
Lowell, MA 01852

## TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 10/09/2005 |
| Response to the complaint filed (also see MRCP 12) | 12/08/2005 |
| All motions under MRCP 12, 19, and 20 filed | 12/08/2005 |
| All motions under MRCP 15 filed | 10/04/2006 |
| All discovery requests and depositions completed | 08/30/2007 |
| All motions under MRCP 56 served and heard | 10/29/2007 |
| Final pre-trial conference held and firm trial date set | 02/26/2008 |
| Case disposed | 07/10/2008 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session L2 sitting in Cv CrtRm 2 (Cambridge), Middlesex Superior Court.

Dated: 07/12/2005

Edward J. Sullivan
Clerk of the Courts
BY: Matt Day
Assistant Clerk

Location: Cv CrtRm 2 (Cambridge)
Telephone: 617-494-4010

Check website for status of case: http://ma-trialcourts.org/tcic
cvdcxaca_2.wpd 2757177 inidoc01 dipacee

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

...... MIDDLESEX ......, ss
[seal]

Maria Lino ..............., Plaintiff(s)

05-2393/2

v.

Hartford Life and Accident Defendant(s)
Insurance Company

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon ... Ronald B. Eskin ...............
................................. plaintiff's attorney, whose address is ... 228 Central Street .....
Lowell, MA 01852 ..............................., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at ... 40 Thorndike Street Cambridge, MA 02141 ................................... either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, ~~Suzanne V. DelVecchio~~ Barbara J. Rouse, Esquire, at ..... Lowell, MA ..................................
the ... 13th ..................................... day of ... July ..................................
....................., in the year of our Lord ... 2005 ...........................

*Edward J. Sullivan*
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP.— 001

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 05-2393 L2 | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Maria Lino | Hartford Life and Accident Insurance Co. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Law Office of Ronald B. Eskin, PC<br>228 Central St., Lowell, MA 08152  978-937-1600<br>Board of Bar Overseers number: 549290 | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D13 | Declaratory Judgment | ( A ) | ( X ) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................. $..............
2. Total Doctor expenses .................................................. $..............
3. Total chiropractic expenses ........................................... $..............
4. Total physical therapy expenses ..................................... $..............
5. Total other expenses (describe) ..................................... $..............
   Subtotal $..............
B. Documented lost wages and compensation to date .......... $..............
C. Documented property damages to date ........................... $..............
D. Reasonably anticipated future medical and hospital expenses .... $..............
E. Reasonably anticipated lost wages ................................ $..............
F. Other documented items of damages (describe)
   $..............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$..............
TOTAL $..............

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 7/13/05

AOTC-6 mtc005-11/99

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Maria Lino

### DEFENDANTS
Hartford Life and Accident Insurance Company

**(b)** County of Residence of First Listed Plaintiff  Middlesex County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Hartford County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

05  11650 EFH

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Ronald Eskin, Esq., Law Office of Ronald B. Eskin, 228 Central Street, Lowell, MA 01852

Attorneys (If Known)
David B. Crevier, Katherine R. Parsons, Crevier & Ryan, LLP., 1500 Main Street, Suite 2020, Springfield, MA 01115-5727

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC §1332
Brief description of cause: Contract  MGL 93A

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD  /s/ Katherine R. Parsons

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Maria Lino v. Hartford Life and Accident Insurance Company__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

   **05 11650 EFH**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __David B. Crevier and Katherine R. Parsons__
ADDRESS __Crevier & Ryan, LLP. 1500 Main Street, Suite 2020, Springfield, MA 01115__
TELEPHONE NO. __413-787-2400__

(CategoryForm.wpd - 5/2/05)